HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID KING and RHONDA KING, Husband and Wife,

Plaintiffs,

v.

KALAMA SCHOOL DISTRICT NO. 402,

Defendant.

Case No. C05-5675 RBL

ORDER

**I.   Introduction.**

This matter comes before the Court on the Plaintiffs' Motion to Remand State Law Claims and Stay Federal Claims [Dkt. #36], as well as the Plaintiffs' Motion for Leave to File Amended Complaint. [Dkt. #38]. On September 29, 2005, David and Rhonda King (the "Plaintiffs") filed this case in Cowlitz County Superior Court asserting a First Amendment claim under 42 U.S.C. § 1983, a state law claim under RCW 41.56 and RCW 4.96.020, as well as an employment discrimination claim under state law. On October 14, 2005, Kalama School District (the "Defendant") removed this case to federal court pursuant to 28 U.S.C. § 1441(b). On November 4, 2005, the Plaintiffs filed a motion to remand the case back to state court, which this Court denied on December 8, 2005. The Plaintiffs now move again to remand this case to Cowlitz County Superior Court and stay their federal claim. The Plaintiffs also move for a Court Order allowing them to amend their original Complaint in order to add a claim and a party.

ORDER                                            1

## II. Discussion.

### A. The Plaintiffs' Motion to Remand State Law Claims and Stay Federal Claims.

#### 1. The Plaintiffs' Motion is Time Barred by 28 U.S.C. § 1447(c).

28 U.S.C. § 1447(c) provides the standard by which a moving party must abide when making a motion to remand on any other basis than lack of subject matter jurisdiction. Precisely, in these circumstances "[a] motion to remand . . . must be made within 30 days after the filing of the notice of removal . . ." *See* 28 U.S.C. § 1447(c). Here, the Defendant's Notice of Removal was filed on October 14, 2005. Thus, although the Plaintiffs' original Motion to Remand was filed within the 30 day window, on November 4, 2005, the Plaintiffs' second Motion to Remand was filed well beyond the time provided in § 1447(c). In fact, the Plaintiffs' motion here was filed almost five months after the Defendant filed its Notice of Removal. As such, the Plaintiffs' Motion to Remand State Law Claims and Stay Federal Claims is barred by the provisions of 28 U.S.C. § 1447(c).

#### 2. The Federal and State Law Claims Arise Out of "a Common Nucleus of Operative Fact."

Under the doctrine of supplemental jurisdiction articulated in the 1966 case of *United Mine Workers of America v. Gibbs*, and codified by Congress in 18 U.S.C. § 1367, the federal courts may assert jurisdiction over state law claims when "[t]he state and federal claims . . . derive from a common nucleus of operative fact [such that a plaintiff] would ordinarily be expected to try them all in one judicial proceeding," and the federal issues are "substantial[]." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The Court also noted, however, that "[s]uch power need not be exercised in every case in which it is found to exist . . . pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants." *Id.* at 726.

Here, as the Plaintiffs have stated in their Response to the Defendant's First Interrogatories and

ORDER 2

Document Requests, they rely on the same set of facts in their federal claim as they do in each of their two primary state claims. *See* David King's Responses to Kalama School District's First Interrogatories and Document Requests (attached as Exhibit 3 to the Declaration of Donald F. Austin), pp. 26-28, 35 [Dkt. #41]. This scenario entails precisely the sort of "common nucleus of operative fact" that would entitle a federal court to assert jurisdiction over accompanying state law claims. Significantly, this case also does not seem to implicate any of the nonexclusive *Gibbs* "factors," or any other similar considerations that would balance the jurisdictional scale in favor of state court adjudication. Indeed, the concerns that the Plaintiffs addressed in their present motion, such as the inconvenience that they and certain witnesses might suffer by having to travel one and a half hours to the federal courthouse in Tacoma are unpersuasive. Modern transportation and communication have made it much less burdensome for parties to an action to litigate in a remote jurisdiction, much less in the same state.

Finally, the Plaintiffs' First Amendment claims are "substantial" within the meaning contemplated by the Supreme Court in *Gibbs*. In fact, the success of the Plaintiffs' retaliation claim, and likely their employment discrimination claim, squarely depend upon the outcome of their First Amendment claim. Consequently, since the federal issues in this case are "substantial" it is proper for this Court to assert supplemental jurisdiction over the attendant state law claims here. The Plaintiffs' Motion to Remand State Law Claims and Stay Federal Claims is hereby DENIED. [Dkt. #36].

  **B.**  **The Plaintiffs' Motion for Leave to File Amended Complaint.**

  **1.**  **The Plaintiffs' Notice of Claim is Consistent With Both RCW 4.96.020(3) and Fed. R. Civ. P. 1.**

In accordance with RCW 4.96.020(3), as part of their Claim for Damages, the Plaintiffs "must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, [and] state the time and place the injury or damage occurred . . ." Recently, in *Atkins v. The Bremerton School District*, 393 F.Supp. 2d 1065, 1067 (W.D. Wash. 2005) this Court held that

ORDER  3

"[s]ubstantial compliance with the 'content' requirement of the notice is required, though the statute is to be construed liberally. On the other hand, strict compliance with the pre-claim procedures is required." Here, the issue is whether the "content" of the Plaintiffs' Claim for Damages was sufficient in order to add a claim for age discrimination under state law. Specifically, the Defendant argues that because the language of the Claim for Damages does not precisely state "age" or "age discrimination" this does not set forth the "conduct and circumstances" that give rise to the claim. *See* Defendant's Response to Plaintiffs' Motion for Leave to File Amended Complaint, p. 3 [Dkt. #43]. The Defendant is mistaken.

Since the dispute here involves the "content" and not the "procedure" of the pre-claim, the language describing the "employment discrimination" is adequate under the reasoning of *Atkins*. Perhaps if the Plaintiff had not mentioned any form of discrimination on behalf of the Defendant, a reading of the pre-claim might be more consistent with the Defendant's interpretation, thus requiring the Plaintiffs to file a second Notice of Claim, wait another 60 days, and renew their Motion for Leave. However, under the present circumstances such an interpretation would be unnecessarily formalistic and lead to results that are at odds with Fed. R. Civ. P. 1.[1] Yet it must be emphasized that this formulation of Fed. R. Civ. P. 1 must not be construed in order to avoid complete and unabridged compliance with the Federal Rules of Civil Procedure, instead relying on the expedient determination of an action. It is only in circumstances such as these where the party has demonstrated "substantial" compliance with the applicable rule that Fed. R. Civ. P. 1 may be invoked in order to bypass unnecessary expense and delay.

**2.    Joinder of James Sutton as a Party is Proper.**

The Plaintiffs also seek to join Superintendent James Sutton as a party to the action. Despite the

---

[1] Fed. R. Civ. P. 1 provides that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

ORDER                                                                4

requirements of Fed. R. Civ. P. 15(a) having been met here, the Plaintiffs must also satisfy the standards for joinder under Fed. R. Civ. P. 19(a). This rule states in relevant part that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . ."

Here, the Plaintiffs allege that the adverse actions of the Defendant School District are a direct and proximate result of the orders of James Sutton, and the complained of actions began only after the hiring of Mr. Sutton. *See* Plaintiffs' Motion for Leave to File Amended Complaint, p. 4 [Dkt. #38]. Thus, in order to fully adjudicate the Plaintiffs' claims James Sutton must be joined as a party. The Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED. [Dkt. #38].

IT IS SO ORDERED.

DATED this 21st day of April, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE