HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID KING and RHONDA KING, husband and wife,

Plaintiffs,

v.

KALAMA SCHOOL DISTRICT NO. 402; JAMES SUTTON,

Defendants.

Case No. C05-5675RBL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT REGARDING RCW 41.56 *et seq.* CLAIM

Defendants in their earlier motion for summary judgment [Dkt. #66] asserted that plaintiffs' claim for violation of RCW 41.56 should be dismissed because RCW 41.56 applies only to classified employee labor negotiations and not with certificated employees, such as plaintiff, who are covered under RCW 41.59. On this issue, defendants' Motion for Summary Judgment is **GRANTED**.

Although King has plead his cause of action under RCW 41.56, his claim likely should have been brought under RCW 41.59. King is a certificated employee. By the terms of the statute, certificated employees are covered by RCW 41.59. *See* RCW 41.59.020 (4) (defining "employee" as used in the Chapter as "any certificated employee of a school district"). However, it is unclear whether certificated employees are also covered by RCW 41.56.

Conversely, non-certificated school district employees are only covered by 41.56 and are not covered by RCW 41.59. *See* RCW 41.56.030 (2) (defining "public employee" as used in the Chapter as "any employee of a public employer," which encompasses non-certificated school district employees);

ORDER
Page - 1

RCW 41.59.020 (4) (excluding by implication non-certificated employees from the Chapter's coverage); *see also* WAC 391-35-300 (stating,

> A collective bargaining relationship cannot lawfully be maintained under [RCW 41.59] with respect to school district jobs for which a professional education certificate is *not* required by chapter 28A.410 RCW . . . . Any collective bargaining rights of employees performing school district jobs not requiring a professional education certificate are regulated by [RCW 41.56].)

(emphasis added).

Although non-certificated employees are clearly excluded from RCW 41.59's coverage, it is unclear whether certificated employees are likewise excluded from RCW 41.56's coverage. The statutes do not explicitly state whether certificated teachers are covered by both RCW 41.56 and RCW 41.59. However, given that (1) certificated employees are obviously covered by RCW 41.59; (2) non-certificated employees are obviously covered by RCW 41.56; and (3) non-certificated employees are *not* covered by RCW 41.59, the implication is that certificated employees are not covered by RCW 41.56 and are instead covered only by RCW 41.59.

Additionally, RCW 28A.405, which contains the common school provisions for certificated employees, cross references only RCW 41.59. Given that RCW 28A.405 contains information regarding the qualifications; criteria for evaluation and model programs; conditions and contracts of employment; hiring and discharge; salary and compensation; termination; and other miscellaneous provisions for certificated employees, it is reasonable to assume that if the legislature intended RCW 41.56 to apply to certificated employees, it would have cross-referenced that Chapter along with the cross-reference to RCW 41.59.

An examination of the case law supports the Court's finding that certificated employees are covered only by RCW 41.59. In cases where certificated teachers sued for violations of their collective bargaining rights, courts have applied only RCW 41.59 to the teachers' claims, not 41.56. *See, e.g.*, *Graham v. Northshore School Dist. No. 417*, 99 Wash. 2d 232, 662 P.2d 38 (1983). Conceivably, this could be true because the teachers chose to bring their cause of action under RCW 41.59 rather than RCW 41.56; thus, the court would have had no reason to examine whether RCW 41.56 applied to the causes of action before the court. However, given that there are no reported cases of certificated employees bringing causes of action under RCW 41.56 and that RCW 28A.405 cross references only

RCW 41.59, the Court concludes that King's cause of action, as a certificated employee, should have been brought under RCW 41.59, rather than under 41.56.

Because of the similarity in content and purpose between the two statutes, it would seem reasonable to allow plaintiff to amend his complaint to cite the correct statute. In the context of this lawsuit, however, the unfair labor practice statutes do not alter the only relevant issues before this Court: Did the defendants retaliate against plaintiff for exercising free speech rights or discriminate against him because of age? The tests for such claims are firmly established and would not be altered by this Court in deference to a lower standard for establishing an unfair labor practice. Moreover, violation of the statute results in the court fashioning such equitable relief as is appropriate under the circumstances. Given that the current complaints of plaintiff do not relate to an on-going labor dispute, the Court is of the opinion that neither RCW 41.56 nor 41.59 are relevant to the case at hand.

DATED this 7th day of February, 2007

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE