HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID KING and RHONDA KING,
husband and wife,

    Plaintiffs,

   v.

KALAMA SCHOOL DISTRICT NO. 402;
JAMES SUTTON,

    Defendants.

Case No. C05-5675RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Plaintiffs' Motion for Leave From Limitations of CR 33(a)(sic) [Dkt. #172].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Fed. R. Civ. P. 33(a) provides that absent leave of court or stipulation, a party may not serve more than 25 interrogatories on another party.  Plaintiffs seek leave to propound additional interrogatories to defendants due to defendants' filing of an amended witness list adding six new witnesses and an amended exhibit list adding five new exhibits.  Plaintiffs also request to propound interrogatories on two previously disclosed witnesses, Chuck Anderson and Tim Swett, because these two defense witnesses refuse to speak with plaintiffs' counsel.  And, plaintiffs request additional interrogatories to discover information relating to the WASL test scores which have been received by the school district since discovery has closed.

In response to the motion, defendants correctly argue that since discovery has closed, it should be re-opened only upon a showing of good cause.  Defendants, however, agree to provide information on the six

ORDER
Page - 1

additional witnesses listed in their amended witness list, and supplement their disclosures as to the five new exhibits. The docket reflects that they did so on July 5, 2007. [See Dkt. #175]. The supplemental disclosures provide contact information for two witnesses that plaintiffs may not have had and provides a summary of the proposed testimony of all of the additional witnesses. The supplemental disclosures also identify with more specificity the additional exhibits. If this information was not sufficient for plaintiffs' trial preparation, plaintiffs had the opportunity to file a reply to defendants' response to the motion and supplemental disclosures on July 6, 2007. Plaintiffs did not file such a reply which indicates to the Court that the plaintiffs are satisfied with the information provided. Therefore, plaintiffs' motion for additional interrogatories to discover information about the additional witnesses and exhibits is **DENIED.**

Defendants object to additional interrogatories directed at witnesses Anderson and Swett because these two witnesses were previously disclosed and plaintiffs chose not to depose them prior to the discovery cutoff date.

Fed. R. Civ. P. 33(a) provides that the Court should look to Fed. R. Civ. P. 26(b)(2) to determine whether to expand the number of interrogatories allowed to be served upon a party. Under Rule 26(b)(2), the Court may deny the request if "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2)(ii). Because plaintiffs were aware of witnesses Anderson and Swett prior to the end of the discovery period and had the "opportunity . . . to obtain the information sought," plaintiffs' request for additional interrogatories to discover information as to these two witnesses is **DENIED**.

Plaintiffs also seek to discover information relating to the WASL test scores which the school district has received since the close of discovery. Defendants do not object to additional interrogatories on this subject matter in their response to the motion, therefore the Court will allow plaintiffs to serve an additional five interrogatories on defendants on the issue of recent (post discovery cutoff) WASL test scores. It is therefore

**ORDERED** that plaintiffs' motion [Dkt. #172] is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** in so far as plaintiffs may serve five additional interrogatories on defendants on the issue of recent (post discovery cutoff) WASL test scores. The additional interrogatories shall be served on defendants within twenty (20) days of entry of this Order. The motion is **DENIED** in all other respects.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing

1   pro se.

2        Dated this 11th day of July, 2007.

3                      *(Electronically Signed per Authorization)*

4

5                      RONALD B. LEIGHTON

6                      UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3